UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DR. IRFAN ATCHA, D.D.S. P.C. <br> d/b/a DYER FAMILY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF INDIANA, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL NO. 2:15cv110 <br> ) <br> ) <br> ) <br> ) |

OPINION AND ORDER

This matter is before the court on two motions to dismiss. First, the State Defendants[1] filed a motion to dismiss on June 30, 2015. The Plaintiff, Dr. Irfan Atcha ("Atcha"), who is suing the defendants individually and as the Dyer Family Dentistry, Inc., filed his response on July 31, 2015, to which the State Defendants replied on August 17, 2015. Second, Defendant Dr. Rajan Sharma ("Sharma") filed a motion to dismiss on July 6, 2015. Atcha responded to the motion on August 5, 2015, to which Sharma replied on August 12, 2015.

For the following reasons, both motions to dismiss will be granted.

Discussion

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 – 879 n.4 (7th Cir. 2012). In particular, a Rule 12(b)(6) motion inquires as to whether a complaint has set forth

---

[1] The State Defendants are: State of Indiana, the Indiana Professional Licensing Agency, the Indiana State Board of Dentistry, Steven Hollar, Matthew Miller, Richard Newton, Mark Stetzel, Jennifer Bartek, Clance LaTurner, and Cindy Vaught. Hollar, Miller, Newton, Stetzel, Bartek and LaTurner, who are all sued individually, are members of the Indiana State Board of Dentistry. Vaught, who is sued in both her individual and official capacities, is the Director of the Indiana State Board of Dentistry.

a "viable cause of action upon which relief can be granted." *Rangel v. Reynolds*, 607 F. Supp. 2d 911, 917 (N.D. Ind. 2009); Fed. R. Civ. Pro. 12(b)(6). To properly assess dismissal under Rule 12(b)(6), a court must accept all well-pleaded, factual allegations as true and view them in a light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 -680 (2009); *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007). However, a court need not accept legal conclusions couched as factual assertions. *Iqbal*, 556 U.S. at 679. Instead a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662 at 663 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In March 2012, an administrative complaint was filed against Atcha, alleging multiple advertising violations. (Complaint ¶ 28.) In November 2013, the Indiana State Board of Dentistry ("ISBD") found Atcha in violation of several of these advertising regulations and placed him on probation. (Complaint ¶ 30-34). Atcha subsequently filed a petition for judicial review, in Marion County, under Cause No. 49D03-1312-MI-044739, against the Indiana Professional Licensing Agency ("IPLA") and the ISBD, challenging the Board's November 2013 Order. On December 31, 2014, Marion County Superior Court 3 reversed the Board's November 2013 Order, setting it aside as contrary to a constitutional right, in that some advertising regulations did not meet constitutional muster under the First Amendment. (December 31, 2014 Order, Marion County, Cause No. 49D03-1312-MI-044739.) On April 2, 2015, the IPLA and the ISBD appealed the Marion County ruling, and the appeal is now pending with the Indiana Court of Appeals, under Cause No. 49A02-1504-MI-00197.

Prior to the Marion County appeal deadline, Atcha filed the present Complaint against the

2

State of Indiana, the IPLA, the ISBD, several ISBD members (collectively "State Defendants"), and Sharma. (Complaint; DE 1.) Atcha's Complaint against the State Defendants brings claims under the First Amendment (Counts I and II), and a claim for malicious prosecution (Count IV)[2].

In support of their motion to dismiss, the State Defendants first argue that they are entitled to Eleventh Amendment immunity. Sovereign immunity under the Eleventh Amendment of the United States Constitution bars suit against states and state agencies in federal court, regardless of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2012).

Further, the Eleventh Amendment extends to state officials sued in their official capacity for damages, as they are representatives of the state. *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994) ("The Eleventh Amendment prohibits federal courts from deciding suits brought by private litigants against states or their agencies, and that prohibition extends to state officials acting in their official capacities.") (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Although Atcha repeatedly refers to this matter as a "complaint for damages", (Complaint ¶ 1, 3, 52), Counts I, II, and IV include requests for injunctive relief. (Complaint p. 10-16.) Under the *Ex parte Young* doctrine, a plaintiff may seek prospective relief against state officials for continued violations of federal law. *Perick v. Indiana University-Purdue University Indianapolis Athletics Dept.*, 510 F.3d 681, 695 (7th Cir. 2007) (citations omitted.) But to the extent Atcha is seeking damages against Cindy Vaught in her official capacity, the Defendants

---

[2] The State Defendants originally believed that Atcha had alleged a Section 1983 conspiracy claim and a claim under Article I, Section 21 of the Indiana Constitution. Atcha has clarified in his response brief that he is not alleging either claim. Thus these claims will not be discussed in this order.

argue that the claims should be dismissed under the Eleventh Amendment.

Atcha, however, contends that pursuant to *Ex Parte Young*, Eleventh Amendment Immunity does not apply to the State, IPLA, or the ISBD because he is seeking injunctive relief. As noted, Atcha's Complaint does contain language seeking injunctive relief. However, Atcha's analysis of *Young* is in error. As noted, *Ex parte Young* allows a plaintiff to seek prospective relief against state officials for continued violations of federal law. *Perick v. Indiana University-Purdue University Indianapolis Athletics Dept.*, 510 F.3d 681, 695 (7th Cir. 2007) (citations omitted.) The State, IPLA, and ISBD are not state officials and Atcha offers no legal support to grant an extended reading of the *Ex Parte Young* doctrine to either states or state agencies. Further, to the extent Atcha contends that Eleventh Amendment immunity is somehow abrogated in the First Amendment context, Atcha relies on five cases, none of which directly support this abrogation in a civil context under 42 U.S.C. § 1983. Further, many of the cases cited are reviews by the Supreme Court of a particular state's high court decision, and thus those cases are in wholly different procedural postures and are not applicable to the present case. This court holds that Atcha's claims against the State Defendants, including the damages claims against Cindy Vaught in her official capacity, are barred by the Eleventh Amendment.

Next, the State of Indiana, the IPLA, the ISBD and Cindy Vaught, in her official capacity, argue that they are not "persons" as defined by 42 U.S.C. § 1983. The Supreme Court has consistently held that states, state agencies, and state officials, sued in their official capacity, for damages, are not "persons" under 42 U.S.C. § 1983. *Will*, 491 U.S. at 71 (1989); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the [§ 1983] suit because they assume the identity of the government

that employs them."). As stated above, although Atcha repeatedly refers to this matter as a "complaint for damages", (Complaint ¶ 1, 3, 52), Counts I, II, and IV include requests for injunctive relief. (Complaint p. 10-16.) Therefore, to the extent Plaintiff is seeking damages against the State of Indiana, the IPLA, and the ISBD, and Cindy Vaught in her official capacity, those claims must be dismissed.

Although Atcha's Response recognizes the Supreme Court's holding in *Will v. Michigan* as good law, Atcha argues that "the rationale used by the *Will* Court, and promulgated through the years in its progeny of cases, is flawed." (Plaintiffs' Response, p. 5.) Atcha's Response offers scant authority in support of this bold assertion. Rather, Atcha's Response relies upon Justice Brennan's dissent in *Will*, which holds no binding authority, and two cases, *United v. Fed. Election Comm'n*, 558 U.S. 310 (2010) and *King v. Burwell*, 135 S. Ct. 2480, 2489 (2015), that neither overturn the Supreme Court's decision in *Will* or directly support inclusion of states or state agencies as "persons" under Section 1983. As it is clear that *Will* is binding on this court, all claims for damages against the State of Indiana, the IPLA, the ISBD, and Cindy Vaught in her official capacity will be dismissed.

Next, the State Defendants argue that Atcha's First Amendment claims should be dismissed under the *Younger* Abstention Doctrine. Broadly stated, the *Younger* Abstention Doctrine stands for the proposition that, absent special circumstances (such as bad-faith enforcement), a federal court should dismiss or stay a case rather than interfere with pending state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431-432 (1982); *Gakuba v. O'Brien*, 711 F.3d 751, 751 (7th Cir. 2013) (staying the action as opposed to dismissal without prejudice because claims may

become time-barred after state prosecution and monetary damages unavailable in his criminal defense). In *Younger*, the Supreme Court observed that a "vital consideration" in such circumstances is "the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

In *Middlesex County Ethics Commission v. Garden State Bar Association*, 457 U.S. 423 (1982), an attorney directly challenged the constitutionality of state disciplinary rules in district court, rather than filing a response to a complaint with the ethics commission as part of the administrative process. In evaluating whether the *Younger* Abstention Doctrine appropriately applied, the Court looked to three factors: (1) whether the state proceedings constituted ongoing judicial proceedings; (2) whether the proceedings implicated important state interests; and (3) whether there was an adequate opportunity in the state proceedings to raise constitutional questions. *Id*. at 432. Further, the Court looked for any showing of "bad faith, harassment, or other exceptional circumstances" that may call for federal intervention. *Id.* at 437. The Court ultimately found abstention appropriate in this circumstance and "remanded for further proceedings consistent with [its] opinion." *Id.* at 437.

Similar to the *Middlesex County* case, the *Younger* Abstention Doctrine is appropriately applied to Atcha's First Amendment claim. First, "[f]or purposes of *Younger* abstention, administrative proceedings are 'judicial in nature' when they are coercive – i.e., state enforcement proceedings, as opposed to remedial, or legislative." *Majors v. Engelbrecht*, 149 F.3d 709, 712 (7th Cir. 1998) (internal citations omitted.) In the present case, the administrative

6

complaint and subsequent proceedings for which Atcha brings his First Amendment claim were part of an enforcement action against Atcha – a state proceeding which is still pending. Second, this proceeding implicates the important state interests of not only adjudicating violations of state administrative regulations but of determining the constitutionality of those same state administrative regulations. Third, the pending state proceedings will provide Atcha with an adequate opportunity for review of his First Amendment constitutional claims, as Atcha's Complaint asserts that the Marion County court has already found in Atcha's favor regarding the question of whether the regulations violate Atcha's First Amendment rights. (Complaint ¶ 39.) Moreover, no extraordinary circumstances are apparent which would require federal intervention at this stage.

In response, Atcha asserts that the *Younger* Abstention Doctrine does not apply to this case because his Complaint "does not seek to enjoin, or stop, the state action", and because the claims raised in the present case are of a "wholly different nature". However, the *Younger* Abstention Doctrine does not require the federal proceeding to seek to directly enjoin the ongoing proceeding. Rather, *Younger* looks to whether a Court should dismiss or stay a matter while there are ongoing judicial proceedings that implicate an important state interest, and whether there is adequate opportunity to raise the constitutional question in the ongoing proceedings. Those are precisely the circumstances before this Court. There is an ongoing judicial proceeding before the Indiana Court of Appeals, dealing with the important state interests of adjudicating violations of state administrative regulations and of determining the constitutionality of those same state regulations, and that provide Atcha adequate opportunity to review his First Amendment constitutional claim. Second, Atcha's First Amendment claim

before this Court and Atcha's First Amendment claim before the Indiana Court of Appeals are the same. Thus, Atcha has adequate opportunity to raise and address his First Amendment claim in the state court proceeding. Accordingly, it is clear that the *Younger* Abstention Doctrine applies, and thus the motion to dismiss is properly granted as to all the State Defendants on this basis also.

Next, the State Defendants argue that Atcha's Complaint fails to state a malicious prosecution claim under either § 1983 or Indiana law. Count IV of Plaintiffs' Complaint alleges a malicious prosecution claim against all Defendants. (Complaint ¶ 79-85.) Although it is unclear whether Atcha is bringing this claim as a state tort or under 42 U.S.C. § 1983, under either theory Atcha's Complaint fails to state a claim upon which relief can be granted. "To state a malicious prosecution claim under § 1983, a plaintiff must demonstrate that: (1) he has satisfied the elements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014), *reh'g and suggestion for reh'g en banc denied* (Jan. 20, 2015), *cert. denied* (citing *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996)). "Under Indiana law, '[t]he elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir.2009) (citing *Crosson v. Berry*, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005)). Thus, a key element under both legal theories is whether the original action has terminated in plaintiff's favor.

Atcha's Complaint asserts that the administrative complaint filed against him in March 2012 is the proceeding in which Atcha was maliciously prosecuted. (Complaint ¶ 81.) However, in order bring this malicious prosecution claim, the original action must have terminated. As discussed above, the question of the appropriateness of the Board's Order on that administrative complaint is now pending in the Indiana Court of Appeals under Cause No. 49A02-1504-MI-00197. Therefore, State Defendants ask this Court to dismiss Atcha's claim for malicious prosecution as Atcha, at this time, has not stated a claim upon which relief can be granted.

Atcha's contention that the original action has terminated in his favor is unfounded. Atcha simultaneously acknowledges that an appeal is pending while baldly asserting that the matter is terminated. However, if an appeal is pending, the Indiana Court of Appeals has at its disposal the ability to overrule the lower court decision. Therefore, the original action is clearly not yet determined and Atcha's claim of malicious prosecution will be dismissed.

Next, the State of Indiana and the ISBD argue that they cannot be held liable under the *Monell* doctrine. As previously discussed, states and state agencies are not "persons" under 42 U.S.C. § 1983. However, as a result of *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978), *municipalities* and *local government* bodies may be "persons" within the meaning of 42 U.S.C. § 1983. Atcha appears to bring a First Amendment claim against the State of Indiana and ISBD under a theory of *Monell* liability in Count II of his Complaint. (Complaint p. 11- 13.) As neither the State nor the ISBD are local governing bodies or municipalities, Atcha's Count II fails because the State and ISBD are not "persons" as defined under 42 U.S.C. § 1983. Further, as discussed above, both the State and ISBD are protected by Eleventh Amendment immunity.

In response, Atcha refers to his previous unsupported argument challenging the United States Supreme Court's decision in *Will*. Atcha has failed to provide sufficient support to challenge *Will* or demonstrate in any way that *Will* has been overturned, and thus his argument fails.

Next, the individual State Defendants argue that they are entitled to quasi-judicial immunity. Absolute, quasi-judicial immunity has been held to protect government officials who are not strictly judges. For example, in *Crenshaw v. Baynerd*, the Seventh Circuit found the Indiana Civil Rights Commission ("ICRC") entitled to quasi-judicial immunity in a § 1983 action in which Crenshaw alleged the ICRC failed to investigate her complaint. In reaching its decision, the Court noted that "[t]he ICRC is a quasi-judicial adjudicatory body; the Commission members, although not members of a court, perform duties functionally comparable to those of a judicial officer." *Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999).

Clearly, any alleged actions by the individual State Defendants fall squarely within this quasi-judicial protection. At the center of this Complaint is Atcha's contention that State Defendants violated his rights by instituting administrative proceedings that ultimately found Atcha in violation of advertising regulations. Even assuming, *arguendo,* that the Board knew the advertising regulations were "clearly unconstitutional," all actions alleged occurred in the Board's adjudicatory capacity.

Atcha contends that State Defendants have not demonstrated that the individual ISBD members were operating within an adjudicatory capacity. However, the very nature of Atcha's allegations provides this support. It is the individual State Defendants' adjudicatory action that Atcha asserts violated his First Amendment rights. Thus, the actions of which he complains are

actions taken within an adjudicatory capacity and all individual State Defendants are entitled to quasi-judicial immunity.

In sum, for all the above reasons, the motion to dismiss will be granted with respect to all the State Defendants as to all claims against them.

Now the court will turn to Defendant Sharma's motion to dismiss. Sharma, like Atcha, is a citizen and resident of Illinois. Sharma was a witness who sat for a deposition in Illinois. Atcha's attorney did the only questioning at this deposition. That deposition transcript was introduced by Atcha himself during the Board proceeding regarding Atcha's advertising. Atcha has now brought malicious prosecution and defamation claims against Sharma.

Sharma first argues that Count IV (malicious prosecution) is premature and should be dismissed. As noted above, a malicious prosecution claim may not be initiated until the underlying proceeding (i.e., that is alleged to have been improper) has been terminated in its entirety. Where a trial court order or an agency decision is on appeal, the case has not been "terminated" for purposes of a malicious prosecution claim. The law on this point is quite clear:

> There is no favorable termination of an action for purposes of malicious prosecution until the action has been finally and favorably decided on appeal or it has been finally and favorably decided in the trial court and the time for appeal has passed. Accordingly, a malicious prosecution action cannot be maintained while the underlying action is pending on appeal.

54 C.J.S. Malicious Prosecution § 63.

Both Illinois and Indiana follow this rule that where an underlying action is subject to appeal, a party cannot initiate a malicious prosecution claim based on that action until the appeal has terminated.

> [T]he termination of a prior proceeding in favor of the plaintiff is an essential element in a cause of action for malicious prosecution which must be factually set forth in the complaint. The instant complaint was fatally deficient in this regard. In fact, plaintiff did not have a valid cause of action for malicious prosecution at the time he filed his complaint because the contempt proceeding, upon which the complaint was based, simply did not terminate in his favor.

*Kay v. Boehm*, 32 Ill. App.3d 853, 855, 336 N.E.2d 781, 782 (1975) (noting that the underlying contempt proceeding had been appealed and the appeal was pending when the malicious prosecution claim was initiated).

> An essential element in claim of malicious prosecution is that the criminal prosecution be terminated in plaintiff's favor.
> Proceedings are deemed terminated in favor of the plaintiff if: (1) a favorable adjudication of the claim is entered by a competent tribunal; (2) the action is dismissed or withdrawn; or (3) the action is dismissed because of a failure to prosecute the claim. If an appeal is taken, the proceedings do not terminate until the final disposition of the appeal.

9 Ind. Practice Series, Procedural Forms With Practice Commentary § 29.1 (3d ed.); *see also Mattingly v. Whelden*, 435 N.E.2d 61, 63 (Ind. Ct. App. 1982).

As noted, the state trial court's judgment declaring advertising restrictions unconstitutional and reversing certain of the Board's actions against Atcha was appealed and is now pending the Court of Appeals of Indiana. *See Atcha*, No. 49A02-1504-MI-197 (Ind. App.). As a matter of law, Count IV must be dismissed because it is based upon a legal proceeding that has not yet been terminated.

Sharma also argues that the malicious prosecution claim should be dismissed because Sharma did not prosecute any action against Atcha. Atcha admits in his Complaint that the Board (i.e., not Sharma) filed the administrative complaint against him. (Compl. ¶ 28.) "In its complaint, the Board, through its members … alleged multiple violations of the Board's

advertising regulations." (Compl. ¶ 29.) The Board (not Sharma) made determinations unfavorable to Atcha. (Compl. ¶¶ 29—34.)

Sharma did not file a lawsuit or prosecute Atcha. Rather, Atcha alleges that Sharma "provided false and fraudulent information" regarding Plaintiff's dental advertising. (Compl. ¶ 49.) This Court can take judicial notice of the official minutes of the Board, (Ex. 1), which lay out the evidence presented in the administrative proceeding against Plaintiff Atcha. The minutes confirm that Sharma did not attend that Board proceeding. (*See id.* at pp. 10—11.) In fact, the State of Indiana did not introduce the transcript of the deposition of Sharma. Rather it was Atcha's own attorney who introduced Sharma's deposition testimony as Respondent Exhibit 16. (*Id.* at 12, Respondent Exhibit 16.)

Clearly, it was Atcha himself who injected Sharma's testimony into the administrative proceeding. In any event, nothing Sharma said could ultimately change whether Atcha's advertisements were in violation of the Board regulations. (*See* Ex. 1 at pp. 12—13.) The content of Atcha's advertisements (not the content of Sharma's testimony) would dictate whether or not the ads ran afoul of the Board rules for dentists. Thus, the malicious prosecution claim against Sharma is properly dismissed for this reason also.

Next, Sharma argues that the defamation claim in Count III should be dismissed because it is untimely. As noted, Atcha and Defendant Sharma are both citizens and residents of Illinois. (Compl. ¶¶ 5, 16.) Sharma was deposed by Atcha's counsel in DuPage County, Illinois, pursuant to the Illinois Code of Civil Procedure and Rules of the Illinois Supreme Court. The transcript of that deposition was prepared by an Illinois licensed court reporter. (*Id.*) Sharma contends that Illinois law is the appropriate substantive law to govern the claims against him.

13

"Federal courts hearing state law claims under … supplemental jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law." *McCoy v. Iberdrola Renewables, Inc.,* 760 F.3d 674, 684 (7th Cir.) *reh'g denied,* 769 F.3d 535 (7th Cir. 2014). "In a defamation action, the place of the tort is generally considered the place of publication." *Hoffman v. Roberto*, 578 N.E.2d 701, 705 (Ind. Ct.App. 1991).

Under Illinois law, the statute of limitations for a defamation claim is one year. *See* 735 ILCS 5/13–201. The same limitations period applies if a plaintiff alleges that a party "conspired" to defame him. *Mauvais-Jarvis v. Wong*, 2013 IL App (1st) 120070, ¶ 106, 987 N.E.2d 864, 894.

Sharma was deposed on September 19, 2013. The transcript of his deposition was prepared by an Illinois court reporter on September 23, 2013. (Ex. 2.) The Board put Atcha on probation shortly thereafter on October 4, 2013. Sharma contends that Atcha did not timely commence his defamation claim. Atcha filed this action on May 8, 2015. The one-year limitations period had expired by September 2014, or (at the latest) by October 4, 2014.

In his Response, Atcha ignores choice-of-law entirely and never argues for the application of a different jurisdiction's laws. Choice of law is an issue that is waived if not argued or contested in briefing. *See Muslin v. Frelinghuysen Livestock Mgrs., Inc.*, 777 F.2d 1230, 1231 n.1 (7th Cir. 1985); *Leaf v. Brogan Pharmaceuticals, Inc.*, 642 F. Supp.2d 844, 851 n.2 (N.D Ind. 2009) (citing cases). Because Atcha has waived or acquiesced to the application of Illinois law, this court will apply Illinois law.

As noted, Illinois has a one year statute of limitations for defamation. *See* 735 ILCS 5/13–201; *Mauvais-Jarvis v. Wong*, 2013 IL App (1st) 120070, ¶ 106, 987 N.E.2d 864, 894. Thus, the question is whether Atcha sued within one year of the alleged tortious action by

Sharma. Atcha argues that his defamation claim is based upon statements made *before* the Board prosecution even began – i.e., before the 2013 deposition – based on Atcha's belief that Sharma made statements that caused the State of Indiana to prosecute and order a probation for Atcha. Atcha admits that the Board filed an administrative complaint against him on March 16, 2012. (Compl. ¶ 28.) Thus, even assuming that Sharma made some defamatory statement to the State Defendants *before* the Board decided to prosecute Atcha, this lawsuit was untimely under Illinois law because it was filed more than one year after March 16, 2012. Accordingly, the defamation claim against Atcha will be dismissed.

## Conclusion

On the basis of the foregoing, the State Defendants' motion to dismiss [DE 25] is hereby GRANTED. Further, Sharma's motion to dismiss [DE 29] is also hereby GRANTED.

Entered: November 6, 2015.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court